IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DOUGLAS ALLEN ASHCROFT,

        Petitioner,        3:11-cv-00828-TC

        v.        FINDINGS AND
                RECOMMENDATION

OREGON DEPARTMENT OF
CORRECTIONS, et al.,

        Respondents.

COFFIN, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a Judgment from the Marion County Circuit Court after convictions for one count of Assault in the Second Degree and one count of Unlawful Use of a Weapon. Exhibit 101. After a jury convicted petitioner, the court imposed a sentence of 120 months. Id.

1 - FINDINGS AND RECOMMENDATION

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 106 - 110.

Petitioner filed a Formal Petition for Post-Conviction Relief, but the Umatilla County Circuit Court denied relief. Exhibit 134. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 135 - 139.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254 alleging four grounds for relief. Petition (#2) p. 6-8. Respondent contends "[r]elief on petitioner's claims should be denied because they are defaulted and fail to state a claim." Response (#22) p. 1.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific

2 - FINDINGS AND RECOMMENDATION

federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996).; see also, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. O'Sullivan v. Boerckel, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. Keeney v. Tamayo-Reyes, supra at 10.

If a petitioner has failed to present a federal constitutional claim to the state's highest court (i.e., has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review

3 - FINDINGS AND RECOMMENDATION

is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S.538, 559 (1998).

Allegations of ineffective assistance of trial or appellate counsel are properly raised in post-conviction.

4 - FINDINGS AND RECOMMENDATION

State v. Lloyd, 109 Or. App. 213, 214 (1991), *rev. denied* 315 Or. 268 (1992).

In Ground One petitioner alleges that his trial counsel was deficient in a variety of respects. Petitioner raised several ineffective assistance of counsel claims in his PCR petition. *See*, Exhibit 111. However, petitioner did not allege any ineffective assistance of counsel claims in his PCR appeal or petition for review to the Oregon Supreme Court. Exhibits 135, 137.

In Ground One petitioner alleges that the trial court erred in denying his "less satisfactory evidence" jury instruction. In Ground Three, petitioner alleges that the trial court erred in ordering court costs and fees without considering his ability to pay.

Petitioner has not alleged how the trial court errors alleged in Grounds Two and Three implicate a federal constitutional right and therefore fail to state a claim cognizable under 28 U.S.C. § 2254. Wainright v. Goode, 464 U.S. 78, 83 (1983) (citing Engle v. Isaac, 456 U.S. 107 (1982)).

In addition, the claims in Grounds Two and Three were raised on petitioner's direct appeal as state law claims. Exhibit 106 at 9-18; Exhibit 108 at 3 - 10. This was insufficient to exhaust a claim for purposes of habeas corpus

5 - FINDINGS AND RECOMMENDATION

relief. Baldwin v Reese, 541 U.S. 27, 32 (2004); see also, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

Petitioner is now barred under Oregon law from filing any additional appeals or PCR proceedings, and therefor cannot fairly present any additional claims to the Oregon Courts.[1] Accordingly, petitioner's claim in Grounds One, Two and Three are procedurally defaulted. Petitioner has not established any cause or prejudice for his procedural defaults or established that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.

In Ground Four, petitioner alleges that the PCR trial court erred in denying his motion for a continuance "without stating a reason." Petition (#2) p. 7-8.[2]

Events that occur during a petitioner's PCR proceeding

---

[1] ORS 138 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to the Oregon Supreme Court to be filed within 35 days from the date of the Court of Appeals's decision. See also, ORAP 9.05(2) (same). Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

[2] Ground Four also includes the sentence "no medical evidence in support of injury to one Jeffery Birkholz." Petition (#2) p. 8. It is unclear whether petitioner intends this allegation to constitute a separate ground for relief. In any event, it does not allege any facts or argument that would indicate the violation of the constitution or laws of the United States, 28 U.S.C. § 2254(a), and is therefore insufficient to state a claim cognizable under 28 U.S.C. § 2254.

6 - FINDINGS AND RECOMMENDATION

cannot be a basis for vacating a petitioner's underlying criminal conviction because there is no federal constitutional right to state post-conviction proceedings. See, <u>Pennsylvania v. Finely</u>, 481 U.S. 551, 557 (1990).

Based on all of the foregoing, petitioner's Petition (#2) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

////

////

7 - FINDINGS AND RECOMMENDATION

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 16 day of March, 2012.

_____
Thomas M. Coffin
United States Magistrate Judge